# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| **Plaintiff,** | |
| vs. | **MEMORANDUM DECISION AND ORDER** |
| **2000 FORD EXCURSION,** **VIN 1FMNU41S3YEA63962** | **Case No.  2:05CV865DAK** |
| **Defendant.** | |

This matter is before the court on the United States' Motion to Strike the Untimely Claim of Nicholas Mendoza, Claimant Nicholas Mendoza's Motion to Dismiss, and the United States' Motion to Dismiss Nicholas' Claim for Lack of Verification.  The court held a hearing on the motions on April 20, 2006.  At the hearing, Plaintiff was represented by Richard W. Daynes, and Claimant Nicholas Mendoza was represented by D. Bruce Oliver.  The court has carefully considered the pleadings, memoranda, and other materials submitted by the parties, the parties' arguments at the hearing, and the law and facts relating to these motions.  Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

The government instituted this civil forfeiture action under 21 U.S.C. § 881 just prior to the conclusion of a criminal case against Nicholas Mendoza in which he pled guilty to possession of methamphetamine with the intent to distribute in violation of 21 U.S.C. §

841(a)(1).  Mendoza, who is the purported owner of the vehicle, was served with the civil

forfeiture complaint on October 19, 2005, at a hearing in the criminal case.  Mendoza's attorney

in the criminal action who is also representing him in this civil action, Bruce Oliver, was present

at that hearing and took possession of the Complaint.

In the criminal action against Mendoza, the Grand Jury also returned a forfeiture

allegation against Mendoza's 2000 Ford Excursion.  Mendoza pled guilty to Count I of the

Indictment.  The Statement in Advance of Plea made no mention of forfeiture.  The Plea

Agreement, however, did state that there were no other agreements, arrangements, or promises

other than those stated in the Plea Agreement.

Two months after Mendoza entered his plea, the government filed a motion to enter a

Preliminary Order of Forfeiture.  A few days later, the judge in the criminal action, United States

District Judge Paul G. Cassell, reviewed the sentencing issues with regard to both defendants and

set the matter over for discussion of some sentencing issues including the forfeiture of

Mendoza's vehicle.  At a forfeiture hearing held three days later, Judge Cassell stated, "The

Court rules that the value of the vehicle is $10,2000 and that there is a nexus between the car and

the drugs."  Judge Cassell, however, requested that the government brief the issue that Mendoza

had not been advised in his Rule 11 colloquy of the potential penalty of forfeiture and what

affect a lack of advisement under Rule 11 had on the possible penalty of forfeiture.  The court set

another hearing on the matter for October 19, 2005.

The government advised Judge Cassell in a letter that Rule 11 did require an advisement

of rights with reference to forfeiture, but the appropriate remedy was to allow Mendoza to

withdraw his plea.  The government further advised the Court that the issue may be moot

because it intended to file a Civil Forfeiture Complaint to proceed with the forfeiture civilly.

On October 19, 2005, the government filed the instant Civil Forfeiture Complaint, served Mendoza with the complaint just prior to the hearing set before Judge Cassell, and advised Judge Cassell of the civil action at the hearing.  Oliver stated with respect to forfeiture that "it was neither raised in negotiations, it was not part of the plea agreement, and the court didn't advise my client."  Gov. Mem. Opp. Claimant's Mot. to Dismiss, Ex. C, Transcript pp. 4-5, line 24-25 and line 1.

The Court asked the government how hard it would be for it to rely on civil forfeiture. Richard Daynes, for the government, responded that it would not be hard and that he had "filed the civil forfeiture complaint because [he] wanted to make it clear both to the defendant and defense counsel and the court, that this property is forfeitable and it is going to be, you know, if we don't get it here, we will go after it civilly through the civil in rem action."  Judge Cassell then responded,

> All right.  I'm going to go ahead and find we are not going to forfeit – there is no forfeiture of the vehicle in this criminal case. How things shake out in the civil case is, of course, another matter and we'll let that issue be resolved there.  I think that may be just the simplest thing for this particular case to avoid any – frankly, I think the government would spend more time litigating this issue than just proceeding with the civil forfeiture.  So I think in view of the circumstances here, this is the appropriate resolution.  This is a one-time problem because down the road it will be covered in the plea agreements so I wouldn't anticipate this being a recurring issue.  I think for this one case we'll just handle it that way.

Judge Cassell also indicated that he was willing to consolidate the civil action and hear the civil matter because of his familiarity with the facts.  Mendoza, however, objected to the civil matter being consolidated.  Defendant was sentenced November 7, 2005.  No forfeiture was

included in the Court's judgment.

In the civil action, the deadline for filing a claim to the vehicle was thirty days from October 19, 2005.  On November 21, 2005, three days after the deadline, the government requested default on the vehicle because no timely claim had been filed.  On November 22, 2005, Oliver filed a "Verified Claim of Interest" on behalf of Mendoza.  The claim was filed and signed by Oliver on behalf of Mendoza.  Mendoza did not verify his own claim.  No request for enlargement of time was requested.

On December 1, 2005, the government filed a Motion to Strike the Untimely Claim of Nicholas Mendoza.  The government argued that not only was the verified claim untimely filed, it was deficient because Mendoza himself did not verify the claim.  Rather than file an opposition memorandum to the government's motion to strike, Mendoza filed a Motion to Dismiss on December 27, 2005.  Mendoza argued that the criminal forfeiture was dismissed with prejudice in his criminal action and the civil forfeiture action was barred by the doctrines of res judicata and collateral estoppel.  On February 8, 2006, the government filed a Motion to Dismiss Nicholas Mendoza's Claim for Lack of Verification.  The government also filed an opposition to Mendoza's motion to dismiss.

**DISCUSSION**

The government argues that if Mendoza's claim is not properly verified, the court must dismiss it for lack of statutory standing.  Although Mendoza did not file an opposition to the government's motions, he argued at the hearing on these motions that the court need not determine the issues relating to the timing and form of the claim if the case is barred by res judicata or collateral estoppel.  Mendoza also argues that this action is vindictive and makes

statements implying that this action constitutes double jeopardy.  The court will first discuss the

arguments raised in Mendoza's motion to dismiss.

Beginning the analysis of these issues with the issue of double jeopardy, the United

States Supreme Court has recognized that "[s]ince the earliest years of this Nation, Congress has

authorized the Government to seek parallel *in rem* civil forfeiture actions and criminal

prosecutions based upon the same underlying events.  *United States v. Usury*, 518 U.S. 267, 274

(1996).  The court explained that a "forfeiture proceeding . . . is in rem.  It is the property which

is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it

were conscious instead of inanimate and insentient.  In a criminal prosecution it is the wrongdoer

in person who is proceeded against, convicted, and punished.  The forfeiture is no part of the

punishment for the criminal offense." *Various Items of Personal Property*, 282 U.S. at 581.

The Court draws "a sharp distinction between *in rem* civil *forfeitures* and *in personam*

civil *penalties* such as fines: Though the latter could, in some circumstances, be punitive, the

former could not." *Id.*  "At common law, in many cases, the right of forfeiture did not attach

until the offending person had been convicted and the record of conviction produced." *Various

Items of Personal Property v. United States*, 282 U.S. 577, 579 (1931).  "In other words, at

common law, not only was it the case that a criminal conviction did not bar a civil forfeiture, but,

in fact, the civil forfeiture could not be instituted unless a criminal conviction had already been

obtained." *Usury*, 518 U.S. at 275.  Although in rem forfeiture actions are now governed by

statutes, the Court explained that an interpretation of the forfeiture statutes that would prohibit

subsequent *in rem*  actions would be remarkable because it would be directly contrary to the

common law rule. *Id.*

The government can not only bring an in rem forfeiture action after a prior criminal conviction, it can bring a subsequent forfeiture action after an acquittal in the underlying criminal action. *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232 (1972). In *Emerald Cut Stones*, the claimant was acquitted of smuggling jewels into the United States but the court found the civil forfeiture action proper because the civil in rem action was based on a separate civil statute and was not a second *in personam* penalty for the criminal defendant's wrongdoing. *Id.* at 236. Also in *United States v. One Assortment of 89 Firearms*, 465 U.S. 354 (1984), the court found a civil *in rem* forfeiture action proper even though the owner of the weapons was acquitted of charges of dealing firearms without a license. *Id.* at 363.

The Court has established a two-part test to determine whether forfeiture is "punishment" for double jeopardy purposes. *Id.* at 362. The first prong of the test asks whether Congress intended the forfeiture proceeding to be civil and the second prong asks whether the statutory scheme is so punitive as to negate or override Congress' intent that the proceeding be a civil sanction. In *Usury*, the Court determined that a civil forfeiture action under 21 U.S.C. § 881 and 18 U.S.C. § 981, the provisions at issue in this case, was neither punishment nor criminal for purposes of the Double Jeopardy Clause. The court reasoned that there was no doubt that Congress intended these forfeitures to be civil proceedings based on the procedural mechanisms in the statutes and the proceedings are not so punitive as to be viewed criminal rather than civil in nature. *Usury*, 518 U.S. at 288-89. Therefore, there are no double jeopardy problems in present case.

With respect to Mendoza's arguments regarding collateral estoppel and res judicata, the Supreme Court has similarly found such arguments to be without merit. In *Helvering v.*

*Mitchell*, 303 U.S. 391 (1938), a taxpayer argued that a subsequent penalty action brought by the

Commissioner of Internal Revenue was barred by res judicata and collateral estoppel because of

a prior acquittal of charges that he willfully attempted to evade income tax.  "Although the

taxpayer argued and the government conceded that the factual matters at issue in the penalty

proceeding had been litigated and determined in the prior criminal action, the Court concluded

that '[t]he difference in degree in the burden of proof in criminal and civil cases precludes

application of the doctrine of res judicata.'" *89 Firearms*, 465 U.S. at 358 (quoting *Helvering*,

303 U.S. at 397).  "That acquittal on a criminal charge is not a bar to a civil action by the

Government, remedial in its nature, arising out of the same fact on which the criminal

proceeding was based has long been settled." *Helvering*, 303 U.S. at 397-98.

In *89 Firearms*, the court found that collateral estoppel did not bar a subsequent civil

forfeiture action against firearms based on the same facts even though the gun owner had been

acquitted of criminal firearm charges.  "[A]n acquittal on criminal charges does not prove that

the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt. . .

It is clear that the difference in the relative burdens of proof in the criminal and civil actions

precludes the application of the doctrine of collateral estoppel." 465 U.S. at 361-62.

Similarly, in this case, there is no basis for the application of res judicata or collateral

estoppel.  Mendoza fails to apply any of these Supreme Court precedents to the case and fails to

cite any cases precluding a civil forfeiture action after the conclusion of a criminal case.

Furthermore, Mendoza pled guilty in the underlying criminal action.  Therefore, the basis for the

civil forfeiture action is even stronger than in the situation of a failed criminal action. However,

even if it could be claimed that the government was unsuccessful on forfeiture in the criminal

action, the government is not precluded from a subsequent civil action involving different

burdens of proof.  In any event, Judge Cassell did not dismiss the criminal forfeiture with

prejudice to the civil forfeiture action.  His comments demonstrate that he determined not to go

forward with the forfeiture issues in the criminal case because it would be easier in the civil case.

Although Mendoza attempts to claim that forfeiture was part of the consideration of his

plea agreement, it is clear from his counsel's comments before Judge Cassell that forfeiture was

not discussed during the plea negotiations.  Mendoza acknowledged that the issue of forfeiture

was not specially excluded from the plea agreement, but was in fact, never discussed.  Oliver

stated that forfeiture "was neither raised in negotiations, it was not part of the plea agreement,

and the court didn't advise my client."[1]  Because forfeiture had not been addressed in the plea

negotiations or plea agreement, the government moved for forfeiture in the criminal action after

the plea agreement was accepted.  There is no apparent bar to proceeding in that fashion and

Mendoza cites to no cases precluding such.

Even if this court were to analyze the elements for application of res judicata or collateral

estoppel, it is evident that the case is not barred.  Although the prior suit ended with a judgment

on the merits of Mendoza's criminal charges, it did not provide judgment on the merits of civil

forfeiture.  Furthermore, the criminal action was against Mendoza, whereas the present action is

against the property.  And, other individuals may have a claim to the vehicle.  Mendoza had

---

[1]      Even if Mendoza could establish a breach of the plea agreement, the appropriate
remedy is to void the agreement.  Judge Cassell asked Mendoza if he wanted to withdraw his
plea and be re-advised of his rights.  Mendoza refused to withdraw his plea and be re-advised of
his rights.  If defendant really believed that the government's attempt at forfeiture was a breach
of the plea agreement, he should have withdrawn his plea and sought the remedies at that time in
the criminal action.

certain rights and defenses in his criminal action that the vehicle cannot assert in this action. This action is solely based on the nexus between the property and the crime.  Moreover, because the government had already filed the civil action, there was no incentive to proceed with a determination regarding forfeiture in the criminal case.  Accordingly, the court concludes that the present action is not precluded by the doctrines of res judicata or collateral estoppel.

Next, the government contends that Oliver's claim verification on behalf of Mendoza was not timely or sufficient.  Mendoza provides no reasons for the late filing of the claim.  Even if the claim had been timely, however, the claim must be verified by the claimant rather than the claimant's counsel.  *United States v. $125,938.62*, 370 F.3d 1325 (11th Cir. 2004).  Because there is a substantial danger of false claims in forfeiture proceedings, *United States v. United States Currency in the Amount of $2,857.00*, 754 F.2d 208, 213 (7th Cir.1985), more is required than the conclusory, hearsay, on-information-and-belief statements of a lawyer.  *Baker v. United States*, 722 F.2d 517, 519 (9th Cir. 1983); *United States v. Fifteen Thousand Five Hundred Dollars ($15,500.00) United States Currency,* 558 F.2d 1359, 1360 (9th Cir.1977); *United States v. United States Currency Amounting to the Sum of Thirty Thousand Eight Hundred Dollars ($30,800.00),* 555 F.Supp. 280, 283-84 (E.D.N.Y.), *aff'd* 742 F.2d 1444 (2d Cir.1983).  "Where, as here, the claimant is available to verify his own claim, he should not be permitted to rely upon a hearsay and conclusory verification by his lawyer."  *Mercado v. United States Customs Service*, 873 F.2d 641, 645 (2d Cir. 1989).

Mendoza's verification of his claim is lacking in this case.  Several courts have held that "'amendments should be liberally permitted to add verifications to claims originally lacking them' provided that the amendment would not undermine the 'goals underlying the time

restriction and verification requirements of Rule C.' " *U.S. Currency $103,387.27*, 863 F.2d at

561-2 (quoting *1982 Yukon Delta Houseboat*, 774 F.2d at 1436 (quoting 7A J. Moore & A.

Palaez, Moore's Federal Practice, ¶ C.16, at 700.16 (2d ed.1983))).  In this case, however, not

only did Mendoza fail to verify his claim, he cannot make a claim that he is an innocent owner of

the property as is required under Rule C(6).  In the underlying criminal action, Mendoza

admitted to using the vehicle to transport illegal drugs and he was driving the vehicle when he

was stopped and the drugs were found.  Because he cannot demonstrate that he is an innocent

owner of the property, it is futile to allow an amendment of the verification.  Accordingly, the

government's Motion to Strike the Untimely Claim of Nicholas Mendoza and Motion to Dismiss

Nicholas Mendoza's Claim for Lack of Verification are granted.

## CONCLUSION

For the reasons stated above, Mendoza's Motion to Dismiss is DENIED and the

government's  Motion to Strike the Untimely Claim of Nicholas Mendoza and Motion to

Dismiss Nicholas Mendoza's Claim for Lack of Verification are GRANTED.  Because no other

claims were filed to the property, this case is dismissed and the Plaintiff is directed to submit a

final judgment in its favor.

DATED this 4th day of May, 2006.

BY THE COURT:

DALE A. KIMBALL
United States District Judge